IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON, | 1:08-cv-00916-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| vs. | |
| GONZALES, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff filed this action on June 30, 2008. Plaintiff's claim arises from an incident which allegedly occurred on June 21, 2008, and Plaintiff alleges that the inmate appeals process is not complete yet. (Doc. 1, Comp.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524). Because it is clear from the face of Plaintiff's complaint that he has not yet completed the appeals process, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim prior to filing suit.

IT IS SO ORDERED.

**Dated:    July 3, 2008**                             /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE